# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALEX HARDIN,

      Plaintiff,

vs.                                          Case No. 18–cv–0583–DRH

ILLINOIS DEPARTMENT OF
CORRECTIONS,
PINCKNEYVILLE CORRECTIONAL
CENTER,
THOMPSON,
UNKNOWN PARTY

      Defendants.

## MEMORANDUM AND ORDER

**HERNDON , District Judge:**

Plaintiff Alex Hardin, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff received a disciplinary ticket on September 29, 2017 and was brought to segregation as a result. (Doc. 1-1, p. 2). Plaintiff was placed in a shower unit and told to strip naked. *Id*. Plaintiff refused and asked to speak to Warden Thompson instead. *Id*. Thompson came to the showers with members of the Orange Crush Tactical Team. (Doc. 1-1, p. 3). Thompson promised to discuss the situation with Plaintiff if he agreed to the strip search. *Id*. Plaintiff was told to cuff up, and he turned around and cuffed up. *Id*. As soon as Plaintiff cuffed up, an orange crush tactical team member began yanking on Plaintiff's arms and wrists. (Doc. 1, p. 5). They pulled Plaintiff's arms up forcefully and squeezed the handcuffs tighter, all while pushing Plaintiff's head and neck

2

downwards. *Id*. These actions were painful to Plaintiff. *Id*. Plaintiff was then marched to a different unit. *Id*.

When Plaintiff reached the 5-House A-unit segregation shower, he was forced to strip naked. *Id*. When Plaintiff did not move fast enough for the Orange Crush Tactical Team member, they began ripping his clothes off, causing further bruises. *Id*. Plaintiff was stripped searched. *Id*. An Orange Crush member then escorted Plaintiff down the gallery naked in front of the other inmates. *Id*. Thompson and Pearce were present. *Id*. When Plaintiff stopped walking out of embarrassment, his arms were once again yanked above his head and his upper body pushed down, causing pain. *Id*. Plaintiff was then dragged down the gallery. *Id*.

Ultimately, Plaintiff was forced into a cell that had feces on the floor, wall, and toilet, smelled of urine, and had ants, gnats, and spiders. *Id*. Plaintiff showed Thompson the conditions of the cell, but he just replied, "What's done is done." (Doc. 1-1, pp. 5-6). Pearce was also present. (Doc. 1-1, p. 6).

### Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Thompson, Pearce, and the Orange Crush Tactical Team members used excessive force on Plaintiff on September 29, 2017 in violation of the Eighth Amendment;

3

**Count 2** – Thompson, Pearce, and the Orange Crush Tactical Team members subjected Plaintiff to a humiliating strip search on September 29, 2017 in violation of the Eighth Amendment;

**Count 3** – Orange Crush Tactical Team members, Thompson, and Pearce subjected Plaintiff to unconstitutional conditions of confinement when he was placed in a cell contaminated with feces, urine, and insects on September 29, 2017 in violation of the Eighth Amendment.

As an initial matter, Plaintiff submitted both a statement of claim and a separate affidavit attached as an exhibit further explaining the events at issue. The affidavit refers to individuals who were not listed in the case caption as defendants, for example, a Lt. J. Smith. Federal Rule of Civil Procedure 10 requires a Plaintiff to list all Defendants in the case caption. *See also Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). The Court will not consider any claims against those individuals who are not listed in the case caption nor included in the statement of claim. To the extent that Plaintiff is attempting to state any such claims, those claims are dismissed without prejudice for failure to follow the Rules of Civil Procedure. Plaintiff may file an amended complaint, properly raising such claims, if he so desires.

Plaintiff has also named 2 improper defendants: the IDOC itself and Pinckneyville Correctional Center. Plaintiff cannot maintain his suit against the Defendant Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592

(7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

Likewise, Pinckneyville Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71.

Even if Plaintiff has named a person, such as the prison warden, as a defendant, he would have fared no better. There is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

For these reasons, Defendants Pinckneyville Correctional Center and Illinois Department of Corrections are dismissed from this action with prejudice.

Plaintiff's claims otherwise survive threshold review. As to **Count 1**¸ the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out

'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The factors relevant to this determination include: (1) the need for the application of force; (2) the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009); *Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted).

An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Excessively tight handcuffs can be an example of excessive force. *Payne v. Pauley*, 337 F.3d 767, 779 (7th Cir. 2003); *Herzog v. Village of Winnetka*, 309 F.3d 1041 (7th Cir. 2002). Here, Plaintiff has alleged that he was not only subjected to excessively tight handcuffs, but also that the guards repeatedly placed him in stress positions with his chest on his thighs and his arms stretched over his head. Plaintiff has further alleged that he suffered pain as a result of this treatment. At the pleading stages, this is an adequate allegation of excessive force. Moreover, although Plaintiff appears to be alleging that the Orange Crush

members actually employed the excessive force, failure to intervene in an excessive force incident can also be a ground for liability. Under the Eighth Amendment, a correctional officer may be held liable for failing to intervene if he or she has a realistic opportunity to step forward and protect a plaintiff from another officer's excessive force, but fails to do so. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). As Plaintiff has alleged that Pearce and Thompson observed the excessive force incident, Plaintiff's claim shall also be allowed to proceed as to them.

In **Count 2**, Plaintiff has alleged that he was subjected to a humiliating strip search. Strip searches that are not related to legitimate security needs or are conducted in a harassing manner in order to humiliate and inflict psychological pain, may be found unconstitutional under the Eighth Amendment. Further, even if a valid penological reason existed for the search, "the manner in which the searches were conducted must itself pass constitutional muster." *Mays v. Springborn*, 719 F.3d 631, 634, (7th Cir. 2013) (group of inmates were strip searched together, gratuitously exposing prisoners' nude bodies to each other, while guards uttered demeaning comments); *Mays v. Springborn*, 575 F.3d 643, 649-50 (7th Cir. 2009); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (a strip search conducted in a harassing manner intended to humiliate and inflict psychological pain could violate the Eighth Amendment); *see also Meriwether v. Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by

7

strip searches stated Eighth Amendment claim), *cert. denied*, 484 U.S. 935 (1987).

Plaintiff has alleged that he was not permitted to undress himself, but that his clothes were torn off his body in a manner that left him bruised. He has further alleged, that after being strip searched, he was dragged down the gallery while other prisoners watched. As a result of this incident, Plaintiff allegedly experienced physical pain, humiliation, and embarrassment. It is a reasonable inference from these allegations that the strip search was conducted in a harassing matter in order to cause pain. This is a sufficient allegation to survive threshold review against the Orange Crush Tactical Team members that conducted the strip search. Furthermore, Plaintiff has alleged that Pearce and Thompson were present during the allegedly unconstitutional strip search and failed to intervene. Officials can be held liable for constitutional violations if they approve, condone, or turn a blind eye to the behavior. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Therefore **Count 2** will also proceed against all defendants.

Finally, Plaintiff has alleged in **Count 3** that he was subjected to unconstitutional conditions of confinement. The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,' " and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Prisons must have adequate ventilation, sanitation, bedding, and hygiene products. *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987).

Prison officials demonstrate deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has alleged that he was placed in a cell contaminated with feces and urine, and that it had insects in it. This is a sufficient allegation that the cell failed to meet the minimal civilized measure of life's necessities. He has further alleged that he was placed in the cell by members of the Orange Crush Tactical Team and that Pearce and Thompson observed the conditions of the cell. This is a plausible allegation that all of the named Defendants were personally involved in the conduct at issue. **Count 3** will be allowed to proceed in this litigation.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel will be referred to a United States Magistrate Judge for disposition. (Doc. 3).

Plaintiff's Motion for Service of Process at Government Expense is denied as moot. (Doc. 4). Plaintiff has been granted leave to proceed IFP in this case. Fed. R. Civ. P. 4 requires the Court to order service if a plaintiff is authorized to proceed IFP. Plaintiff's motion is unnecessary.

### Disposition

9

**IT IS HEREBY ORDERED** that **Counts 1-3** survive against Pearce, Thompson, and Unknown Party (Officers involved in the Orange Crush Tactical Team). Defendants IDOC and Pinckneyville Correctional Center will be **DISMISSED with prejudice** as not "persons" pursuant to § 1983. Plaintiff's Motion for Service of Process at Government Expense is **DENIED as MOOT**. (Doc. 4).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Pearce and Thompson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall

furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured

in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.06.07
10:13:34 -05'00'

**United States District Judge**